IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 01-cv-00568-LTB-PAC

CROSS COUNTRY LAND SERVICES, INC., a Texas corporation,

    Plaintiff,

v.

PB NETWORK SERVICES, INC., a Delaware corporation,
PB TELECOMMUNICATIONS, INC., a Delaware corporation,
LEVEL 3 COMMUNICATIONS, L.L.C., a Delaware limited liability company,
KIEWIT NETWORK SERVICES, INC., a Delaware corporation, and
KIEWIT CONSTRUCTION CO., a Delaware corporation,

    Defendants,
and

PB NETWORK SERVICES, INC., a Delaware corporation, and
LEVEL 3 COMMUNICATIONS, L.L.C., a Delaware limited liability company, and
KIEWIT NETWORK SERVICES, INC., a Delaware corporation,

    Third-Party Plaintiffs

v.

JAMES STEVENSON,
WILLIAM STEVENSON,
ED CROWSTON, and
LARRY ORTH,

    Third-Party Defendants.
_____

ORDER
_____

    This case is before me on the briefs the parties have submitted regarding the constructive

trust imposed in favor of Plaintiff Cross Country Land Services, Inc. ("Cross Country") and

against Defendant Kiewit Network Services, Inc. ("KNS") in the Findings of Fact, Conclusions of

Law and Order entered on December 30, 2005.  Specifically, Cross Country and KNS have raised the following two issues regarding this constructive trust: (1) whether imposition of the constructive trust was proper in view of Cross Country's election to seek rescission of the PBNS-Cross Country Contract and other findings that I made; and (2) whether the amount of the constructive trust was proper.  Each of these issues will be addressed in turn.

## I.  The Propriety of the Constructive Trust

On March 29, 2002, Defendant PB Network Services, Inc. ("PBNS") filed a Motion to Amend and Join Additional Parties.  In this motion, PBNS acknowledged that KNS had paid it $344,810.60 for amounts invoiced by Cross Country for work on the Level 3 project and that PBNS would have paid these funds to Cross Country but for the fact that some unpaid subcontractors retained by Cross Country may also claim an interest in them.  PBNS further stated that it claimed no interest in the $344,810.60 paid to it by KNS and requested leave to deposit these funds into the registry of the Court pending a determination of which party or parties were entitled to them.  PBNS subsequently withdrew this latter request and paid the $344,810.60 back to KNS.

In imposing a constructive trust in favor of Cross Country, I concluded in essence that PBNS's statements regarding the $344,810.60 constituted a judicial admission that these funds were due and owing to Cross Country on the Level 3 Project if no other party made a claim to them.  *See Guidry v. Sheet Metal Workers Inter. Ass'n, Local No. 9,* 10 F.3d 700, 715 (10th Cir. 1993) (judicial admissions are formal admissions which effectively withdraw a fact from issue and dispense with the need for proof of that fact).  A judicial admission is conclusive and generally continues to have effect for subsequent parts of the same proceedings.  *Kempter v. Hurd,* 713 P.2d

1274, 1279 (Colo. 1986).

In attempting to circumvent the conclusive effect of the admission regarding the $344,810.60, KNS does not argue that this amount is not due and owing under the terms of the PBNS-Cross Country Contract. Rather, KNS argues that Cross Country does not have a legal right to recover these funds based primarily on its election to seek rescission of the PBNS-Cross Country Contract and its failure to prevail on any other claim against Defendants. This argument ignores not only the legal effect of PBNS's unequivocal statement that these funds were owing under the contract which has been upheld in Defendants' favor, but also the equitable considerations underlying the remedy of constructive trust which bear repeating here.

"A constructive trust in an equitable device used to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs." *Lyons v. Jefferson Bank & Trust,* 793 F. Supp. 981, 985 (D. Colo. 1992). A constructive trust operates to pierce the "legal" facade and do equity under the circumstances. *Id.* Accordingly, a constructive trust is an extremely flexible remedy that is appropriate, among other things, to prevent unjust enrichment. *Yetter Well Service, Inc. v. Cimarron Oil,* 841 P.2d 1068, 1070 (Colo. App. 1989).

Despite Cross Country's election to seek rescission of the PBNS-Cross Country Contract and regardless of whether it prevailed on any of its other claims against Defendants, the simple fact of the matter is that KNS would be unjustly enriched if it was allowed to retain the funds that are admittedly owing to Cross Country. This is precisely the type of inequitable result that the remedy of constructive trust is designed to prevent and to deny its imposition under the circumstances of this case would merely perpetuate a legal facade. I likewise conclude that the accord and satisfaction reached by the parties in executing the PBNS-Cross Country Contract

does not preclude the imposition of the constructive trust in favor of Cross Country. Accordingly, I further conclude that the constructive trust imposed in this case is entirely proper.

## II.  The Amount of the Constructive Trust

Cross Country and KNS are in agreement that if the constructive trust imposed in favor of Cross Country is upheld, then the appropriate amount of this trust is $344,810.60 as referenced in PBNS' Motion to Amend and Join Additional Parties.  The Findings of Fact, Conclusions of Law and Order dated December 30, 2005 shall therefore be amended accordingly.

IT IS THEREFORE ORDERED that:

1. The Findings of Fact, Conclusions of Law and Order dated December 30, 2005 are amended to reflect that a constructive trust is imposed in favor of Cross Country and against KNS in the amount of $344,810.60 as opposed to $358,307.31.

2. In all other respects, the Findings of Fact, Conclusions of Law, and Order dated December 30, 2005 stand as entered.

Dated: April __14__, 2006 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock

LEWIS T. BABCOCK, CHIEF JUDGE