IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 01-cv-00568-LTB-PAC

CROSS COUNTRY LAND SERVICES, INC., a Texas corporation,

    Plaintiff,

v.

PB NETWORK SERVICES, INC., a Delaware corporation,
PB TELECOMMUNICATIONS, INC., a Delaware corporation,
LEVEL 3 COMMUNICATIONS, L.L.C., a Delaware limited liability company,
KIEWIT NETWORK SERVICES, INC., a Delaware corporation, and
KIEWIT CONSTRUCTION CO., a Delaware corporation,

    Defendants,

and

PB NETWORK SERVICES, INC., a Delaware corporation, and
LEVEL 3 COMMUNICATIONS, L.L.C., a Delaware limited liability company, and
KIEWIT NETWORK SERVICES, INC., a Delaware corporation,

    Third-Party Plaintiffs

v.

JAMES STEVENSON,
WILLIAM STEVENSON,
ED CROWSTON, and
LARRY ORTH,

    Third-Party Defendants.

_____

ORDER
_____

    This case is before me on Defendant PB Network Services, Inc. ("PBNS") and Level 3 Communications, Inc.'s ("Level 3") Motion for Attorney Fees. For the reasons set forth below, I grant the motion in its entirety.

By the Motion, PBNS seeks to recover $781,886.05 in attorney fees from Plaintiff Cross Country Land Services, Inc. ("Cross Country") pursuant to Section 2.1 of the PBNS-Cross Country Contract which provides that "the prevailing party shall be entitled to recover reasonable attorney's fees."  Level 3 seeks to recover $117,557.91 in attorney fees from Cross Country as indemnification for the attorney fees that it incurred defending against the claims of Capital Land Services, Inc.

In its response to the motion, Cross Country does not dispute that Level 3 is entitled to recover attorney fees and does not contest the reasonableness of the amount of fees requested by either Level 3 or PBNS.  Instead, Cross Country limits its opposition to the motion to the issue of whether PBNS should be awarded attorney fees as the prevailing party in this case.

Having reviewed the motion and being thoroughly familiar with the lengthy and complicated history of this case, I conclude that the amounts of attorney fees requested by both PBNS and Level 3 are reasonable under the facts and circumstances of this case.  I further conclude that Level 3, having prevailed on its claim for indemnification against Cross Country, is entitled to judgment for these fees in the amount of $117,557.91.  The sole issue remaining for my consideration then is whether PBNS should be awarded attorney fees as the prevailing party in this case. It is undisputed that this determination is vested in my discretion subject to certain guiding principles.  *See Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326, 328 (Colo. 1994).

A 'prevailing party' is one who prevails on a significant issue in the litigation and derives some of the benefits ir seeks.  *Archer v. Farmer Bros. Co.,* 90 P.3d 228, 230 (Colo. 2004). Neither the number of claims upon which a party prevails nor the amount of damages awarded is

determinative of who is the prevailing party. *Id.* In cases involving multiple claims, appropriate considerations are the relative strengths and weaknesses of each party's claims, the significance of each party's successes in the context of the overall litigation, and the time devoted to each claim. *Id.* at 231.

Cross Country urges me to find that neither it nor PBNS are prevailing parties in this case because each asserted the identical number of claims against the other and each prevailed on all of the claims asserted against them. This argument ignores, however, what actually transpired in this case. There can be no question that the primary focus throughout most of this litigation was whether Cross Country was entitled to rescission of the PBNS-Cross Country Contract. Indeed, nearly all of the parties' claims flowed directly from Cross Country's assertion that it was entitled to this relief. There likewise can be no question that PBNS prevailed on this issue with the enforcement of the PBNS-Cross Country Contract. I therefore conclude that PBNS is the prevailing party in this case and entitled to award of attorney fees against Cross Country in the amount of $781,886.05.

IT IS THEREFORE ORDERED that:

1. PBNS and Level 3's Motion for Attorney Fees [Doc # 420] is GRANTED;

2. Judgment shall enter in favor of PBNS and against Cross Country for attorney fees in the amount of $781,886.50; and

3. Judgment shall enter in favor of Level 3 and against Cross Country for attorney fees in the amount of $117,557.91.

Dated: May   9  , 2006 in Denver, Colorado.

                                                      BY THE COURT:

                                                    s/Lewis T. Babcock

                                                  LEWIS T. BABCOCK, CHIEF JUDGE